M5rWbelP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                          21 Cr. 693 (JSR)

YOEL BELITZ,

          Defendant.

                                 Plea

------------------------------x

                               New York, N.Y.
                               May 27, 2022
                               12:00 p.m.

Before:

                  HON. JED S. RAKOFF,

                        District Judge

                  APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
BY:  PATRICK R. MORONEY
    Assistant United States Attorney

SCHLAM STONE & DOLAN LLP
    Attorneys for Defendant
BY:  BRADLEY D. SIMON

M5rWbelP

(Case called)

THE COURT:  Good afternoon.  Please be seated.

MR. MORONEY:  Good afternoon, your Honor.  For the government, Patrick Moroney, standing in for David Robles, who is out on quarantine.

THE COURT:  Good afternoon.

MR. SIMON:  Good afternoon, your Honor.  Brad Simon of Schlam Stone & Dolan, representing Mr. Yoel Belitz.

THE COURT:  Good afternoon.

My understanding is that the defendant wishes to withdraw his previous plea of not guilty and enter a plea of not guilty to Count One of information 21 Cr. 693.  Is that correct?

MR. SIMON:  That's correct, your Honor.

THE COURT:  I'll place the defendant under oath.

(Defendant affirmed)

THE COURT:  Mr. Belitz, let me first advise you that because you're under oath, anything you say that is knowingly false could subject you to punishment for perjury or obstruction of justice or the making of false statements.

Do you understand that?

THE DEFENDANT:  I do, your Honor.

THE COURT:  Very good.

Do you read, write, speak and understand English?

THE DEFENDANT:  Yes.  Yes, your Honor.

M5rWbelP

THE COURT:  How far did you go in school?

THE DEFENDANT:  I just completed my associate's degree, your Honor.

THE COURT:  How old are you now?

THE DEFENDANT:  25.

THE COURT:  Have you ever been treated by a psychologist or psychiatrist?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Is that still ongoing at this time?

THE DEFENDANT:  It is, your Honor.

THE COURT:  Without going into details, what is that generally about?

THE DEFENDANT:  Anxiety and depression.

THE COURT:  Are you taking any medication in that regard?

THE DEFENDANT:  Yes, I am, your Honor.

THE COURT:  What medication are you taking?

THE DEFENDANT:  Lithium, Lexapro.

THE COURT:  OK.  Have you ever been treated or hospitalized for alcoholism?

THE DEFENDANT:  No, your Honor.

THE COURT:  Have you ever been treated or hospitalized for drug addiction?

THE DEFENDANT:  No, your Honor.

THE COURT:  Are you currently under the care of a

M5rWbelP

doctor for any physical reason?

THE DEFENDANT:  No, your Honor.

THE COURT:  Other than the medications that you just mentioned, any other medications that you take?

THE DEFENDANT:  Yes, your Honor, for diabetes.

THE COURT:  OK.  And do any of those medications, either alone or in combination, interfere with your understanding of these proceedings today?

THE DEFENDANT:  No, your Honor.

THE COURT:  Is your mind clear?

THE DEFENDANT:  Yes.

THE COURT:  And do you understand these proceedings?

THE DEFENDANT:  I do, your Honor.

THE COURT:  Very good.

On the basis of the defendant's responses to my questions and my observations of his demeanor, I find he is fully competent to enter an informed plea at this time.

You have a right to be represented by counsel at every stage of these proceedings.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  If at any time you can't afford counsel, the Court will appoint one to represent you free of charge throughout the proceedings.

Do you understand that?

M5rWbelP

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You're represented by Mr. Simon.  Are you satisfied with his representation?

THE DEFENDANT:  I am indeed, your Honor.

THE COURT:  Have you had a full opportunity to discuss this matter with him thoroughly?

THE DEFENDANT:  Your Honor -- I discussed this with my attorney thoroughly, your Honor.

THE COURT:  And you've told him everything you know about this matter?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Very good.

Now, you've previously consented to the entry of an information, No. 21 Cr. 693, Count One of which charges you with knowingly possessing and accessing sexually explicit images and videos of minors between June 20, 2020, and October 1, 2020, and those materials had been transported using the facilities of interstate commerce, and the images and videos included minors who had not yet attained 12 years of age.

You've gone over all that with your lawyer?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And Mr. Simon, do you want Count One read here again in open court, or do you waive the public reading?

MR. SIMON:  We waive the reading, your Honor.

THE COURT:  Before I can accept any plea of guilty to

M5rWbelP

that count, I need to make certain that you understand the rights that you will be giving up.  So I want to go over with you now the rights that you will be giving up.

Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  First, you have a right to a speedy and a public trial by a jury on the charges against you.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And second, if there were a trial, you would be presumed innocent and the government would be required to prove your guilt beyond a reasonable doubt before you could be convicted of any charge.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Third, at the trial, you would have the right to be represented by counsel, and once again, if at any time you could not afford counsel, the Court would appoint one to represent you free of charge throughout the trial and all other proceedings.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Fourth, at the trial, you would have the right to see and hear all of the witnesses and other evidence against you, and your attorney could cross-examine the

M5rWbelP

government's witnesses and object to the government's evidence and could offer evidence on your own behalf, if you so desired. You could have subpoenas issued to compel the attendance of witnesses and other evidence on your behalf.

Do you understand all that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Fifth, at the trial, you would have the right to testify if you wanted to, but no one could force you to testify if you did not want to, and no suggestion of guilt could be drawn against you simply because you chose not to testify.

Do you understand that?

THE DEFENDANT:  I do, your Honor.

THE COURT:  And finally, even if you were convicted, you would have the right to appeal your conviction.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, do you understand that if you plead guilty, you will be giving up each and every one of the rights we just discussed?

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Very good.

Now, the maximum punishment you face if you plead guilty to Count One is 20 years of imprisonment to be followed

M5rWbelP

by up to lifetime supervised release with a mandatory minimum of five years' supervised release; plus a fine of whichever is greatest -- either $250,000 or twice any income derived from the crime or twice any loss to victims of the crime; plus a $100 mandatory special assessment; plus an additional assessment of $5,000.

Do you understand those are the maximum and mandatory minimum punishments you face if you plead guilty to Count One?

THE DEFENDANT:  I do, your Honor, yes.

THE COURT:  Also, do you understand that if I do impose a term of supervised release to follow any term of imprisonment and you were to violate any of the conditions of supervised release, that could subject you to still further imprisonment going even beyond the term of supervised release?

Do you understand that?

THE DEFENDANT:  Yes, your Honor, I do.

THE COURT:  Of course, I have no idea at this time what sentence I will impose if you plead guilty, but one of the things I will take a look at are the sentencing guidelines, which are certain laws that recommend to the Court a sentencing range, although they are not binding on the Court.

Have you gone over the guidelines with your counsel?

THE DEFENDANT:  Yes, I have, your Honor.

THE COURT:  In that connection, I've been furnished with a letter agreement, which we will mark as Court Exhibit 1

M5rWbelP

to today's proceeding.  It takes the form of a letter, dated October 18, 2021, from the government to defense counsel.  It appears, Mr. Belitz, that you signed it earlier today.  Is that correct?

THE DEFENDANT:  That is correct, your Honor.

THE COURT:  Before signing it, did you read it?

THE DEFENDANT:  Yes, I did.

THE COURT:  Did you discuss it with your lawyer?

THE DEFENDANT:  Yes, I did, your Honor, and my --

THE COURT:  Did you understand its terms?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And did you sign it in order to indicate your agreement to its terms?

THE DEFENDANT:  Yes, I did, your Honor.

THE COURT:  Now, this letter agreement is binding between you and the government, but it is not binding on me.  It is not binding on the Court.  For example, this letter agreement says that you and the government have stipulated to a guideline range of 97 to 121 months in prison.  I may agree with that or I may disagree with that.  Even if I agree with it, I may sentence you to more or less or anywhere in between, and regardless of where I come out, if you plead guilty, you will still be bound by my sentence.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

M5rWbelP

THE COURT:  More generally, do you understand that if anyone has made any kind of promise or prediction or estimate or representation to you of what your sentence will be in this case, that person could be wrong, and nevertheless, if you plead guilty, you will still be bound by my sentence?

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Does the government represent that this letter agreement that we've now marked as Court Exhibit 1 is the entirety of any and all agreements between the government and Mr. Belitz?

MR. MORONEY:  We do, your Honor.

THE COURT:  And does defense counsel confirm that is correct?

MR. SIMON:  Yes, your Honor.

THE COURT:  Mr. Belitz, do you confirm that is correct?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Mr. Belitz, other than the government, has anyone made any kind of promise to you to get you to plead guilty in this case?

THE DEFENDANT:  No, your Honor.

THE COURT:  Has anyone threatened or coerced you to get you to plead guilty in this case?

THE DEFENDANT:  No, your Honor.

M5rWbelP

THE COURT:  Now, I should mention that although this plea agreement is not binding on me -- as I told you before, it's binding between you and the government -- so if you do plead guilty and I do sentence you to a guidelines sentence or below, you have agreed not to appeal or otherwise attack your sentence.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Does the government represent that if this case were to go to trial, it could, through competent evidence, prove every essential element of this crime?

MR. MORONEY:  We do, your Honor.

THE COURT:  And what would be the government's proof with respect to the interstate element?

MR. MORONEY:  It would include that the defendant accessed the images from his cell phone, an electronic device, while he was located in the Southern District of New York.

THE COURT:  OK.

Does defense counsel know of any valid defense that would likely prevail at trial or any other reason why his client should not plead guilty?

MR. SIMON:  No, your Honor.

THE COURT:  Mr. Belitz, tell me in your own words what it is you did that makes you guilty of this crime.

You can be seated.  Just speak into the microphone.

M5rWbelP

THE DEFENDANT:  Your Honor, from approximately June 2020 to October 1, 2020, at my home in Riverdale, New York, I possessed, accessed and viewed images on my cell phone of minor children, some of who were under the age of 12 years old.  The images had been sent to me via the internet to an account that I had set up with my phone.

THE COURT:  And you knew they were minors.

THE DEFENDANT:  Yes, I did, your Honor.

THE COURT:  And you knew that what you were doing was illegal and wrong?

(Defendant conferred with counsel)

MR. SIMON:  May I say a word about that?

THE COURT:  Well, you can say a word, but unless he knew that what he was doing was illegal and wrong -- if he didn't know it was wrong, I can't accept his plea.

MR. SIMON:  He now knows that it was wrong, your Honor.  Mr. Belitz has indicated at the time he wasn't familiar with the laws or the statute.

THE COURT:  All right.

You didn't know the statute, but you knew that accessing child porn was wrong.

THE DEFENDANT:  Yes, I did, your Honor.

THE COURT:  All right.  Very good.  That's sufficient.

Is there anything else regarding the factual portion of the allocution that the government wishes the Court to

M5rWbelP

inquire about?

MR. MORONEY:  No, Judge.

THE COURT:  Is there anything else regarding any aspect of the allocution that either counsel wishes the Court to inquire about before I ask the defendant to formally enter his plea?

Anything else from the government?

MR. MORONEY:  Judge, perhaps you could just clarify with respect to the appeal waiver that you allocuted Mr. Belitz on that it's a guideline range of 97 to 121 months, if he's sentenced within or below that range specifically.

THE COURT:  I'm sorry.  I thought I had said --

MR. MORONEY:  You just said if you receive a guidelines sentence, and I just want the record to be clear what specifically your Honor was referring to with respect to --

THE COURT:  Oh, I'm sorry.  Didn't I cover that?  I apologize.

You know that the suggested guideline range that you and the government have stipulated is 97 to 121 months; yes?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  Pretty sure I covered that.

I might add that this Court has well expressed its opinion that the guidelines are totally irrational, and I pay little or no attention to them.

M5rWbelP

Anything else from the government?

MR. MORONEY:  Your Honor, specifically that if Mr. Belitz received a sentence of 121 months or less --

THE COURT:  No.  I said that.  Now I know what you're talking about.  I think I covered that completely.  I said to him that although this agreement was not binding on the Court, it was binding between him and the government and that if I sentenced him to a guidelines sentence or less, he had agreed not to appeal or otherwise attack his sentence.  And he said yes.

Now, what else do you want me to say?

MR. MORONEY:  Correct.  I just wanted to make clear that when you say guidelines sentence, it is the guidelines sentence in the plea agreement.  If your Honor covered that, we're fine.  I just wanted the record to be clear on that point.

THE COURT:  Well, I admire your perfectionism, but I think I've covered it.

Anything from defense counsel?

MR. SIMON:  No, your Honor.

THE COURT:  Mr. Belitz, in light of everything that we have now discussed, how do you now plead to Count One of information 21 Cr. 693; guilty or not guilty?

THE DEFENDANT:  Guilty, your Honor.

THE COURT:  I'm sorry?

M5rWbelP

THE DEFENDANT:  Guilty, your Honor.

THE COURT:  Because the defendant has acknowledged his guilt as charged; because he has shown that he understands his rights; and because his plea is entered knowingly and voluntarily and is supported by an independent basis in fact containing each of the essential elements of the offense, I accept his plea and adjudge him guilty of Count One of information 21 Cr. 693.

Mr. Belitz, the next stage in this process is that the probation office will prepare what's called a presentence report to assist me in determining sentence, and as part of that, you will be interviewed by a probation officer.  You can have your counsel present to assist you and advise you on your rights, but under my practices, you ultimately personally have to answer the questions put to you by the probation officer.

Do you understand that?

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:  After that report is in draft form but before it's in final form, you and your counsel and also government counsel will have a chance to review it and offer suggestions, corrections and additions directly to the probation officer, who will then prepare the report, and finally, it will come to me.

Independent of that, counsel for both sides are hereby given leave to submit directly to the Court in writing any and

M5rWbelP

all materials bearing on any aspect of sentence, provided those materials are submitted to later than one week before sentence.

We will set the sentence down for Tuesday, October 11, at 4 p.m.

Anything else we need to take up today?

MR. MORONEY:  Not from the government, Judge.

MR. SIMON:  No, your Honor.

THE COURT:  Very good.  Thanks a lot.

(Adjourned)