

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 12, 2022

**BY ECF**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *United States* v. *Yoel Belitz*, 21 Cr. 693 (JSR)

Dear Judge Rakoff:

The Government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for October 19, 2022 at 4:00 p.m. The defendant, Yoel Belitz, stands convicted of possession of child pornography, having pled guilty before this Court on May 27, 2022.

For the reasons described herein, the Government respectfully submits that a sentence below the parties' stipulated United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 97 to 121 months' imprisonment (the "Stipulated Guidelines Range") would be sufficient, but not greater than necessary, to achieve the goals of sentencing.

## I.      Offense Conduct

Beginning in approximately April 2020, law enforcement began using an undercover account on a file-sharing website called LiveMe ("UC Account-1") to interact with other LiveMe users, including by participating in group and direct message chats with LiveMe accounts involved in exchanging child pornography. *See* Final Presentence Investigation Report ("PSR") ¶ 9. Law enforcement observed that certain of these groups were being used to exchange several thousand files containing child pornography either directly in chats or by posting links to cloud file hosting services, including Dropbox or mega.nz. *See id*.

In June 2020, law enforcement used UC Account-1 to access a particular LiveMe group and observed that a particular LiveMe user account (later confirmed to belong to the defendant) posted two links containing child pornography. *Id*. at ¶ 10. The first link contained a folder titled "kids videos," which contained over 600 files consisting primarily of images of nude prepubescent children in sexually explicit poses, as well as images depicting the sexual assault of prepubescent females and at least one infant. *See id*. The second link contained a folder titled "Livemix," which contained over 600 files consisting primarily of videos depicting prepubescent and adolescent

females, many of which depict the nude minor victims engaging in sexually explicit conduct and/or masturbation. *See id*.

In July 2020, law enforcement observed, through UC Account-1, that the defendant's LiveMe account continued to post links containing sexually explicit material involving minors. *See id*. at ¶¶ 11-12.   On one occasion, law enforcement used UC Account-1 to communicate with the defendant, who indicated, in sum and substance, that he preferred "teenagers." *Id*. at ¶ 12.

On October 1, 2020, law enforcement executed a search warrant on the defendant's residence, where he resides with his family. *See id*. at ¶ 16.   That day, the defendant admitted to law enforcement, in sum and substance, that he was the user of the LiveMe account described above and that he had posted links online containing child pornography. *Id*.   Law enforcement recovered multiple electronic devices from the defendant's residence, and, during the course of the review of the defendant's cellphone, observed several hundred stored media files depicting child pornography. *Id*. at ¶¶ 17-18.   The defendant was not arrested when law enforcement executed the search warrant of his residence.

## II.    Procedural History

On January 15, 2021, the defendant was charged by Complaint with distribution of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B), (b)(1), and 2, and one count of possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), and 2.   *See* ECF No. 1.   Following discussions between the Government and defense counsel about a surrender date, the defendant voluntarily self-surrendered on January 19, 2021 and was presented before the Honorable Stewart D. Aaron. *See id*. at ¶ 20.   The defendant was released on bail following his presentment.   ECF No. 5.

Following the defendant's presentment, the parties had several discussions about a pretrial resolution, which, with the consent of the defense, resulted in continuances of the date by which the Government was required to obtain an indictment or file an information.   *See* ECF Nos. 8, 12-13, 15-16, 18-21.   On November 10, 2021, the defendant waived indictment and proceeded by Information, charging him with the same crimes set forth in the Complaint.   *See* ECF No. 23.

On May 27, 2022, the defendant appeared before this Court and pled guilty, pursuant to a plea agreement (the "Plea Agreement"), to Count One of the Information, which charged the defendant with possession of child pornography.   Pursuant to the Plea Agreement, the parties agreed that the defendant's advisory Guidelines range was 97 to 121 months' imprisonment, based on a total offense level of 30 and a Criminal History Category of I.   Probation reached the same Guidelines calculation and recommended a sentence of 6 months' imprisonment.   *See* PSR at 22.

### III.   Applicable Law

In addition to consulting the Guidelines, which are no longer mandatory, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)–(7).  *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;
(C)   to protect the public from further crimes of the defendant; and
(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### IV.   Discussion

The Government respectfully submits that a sentence below the Stipulated Guidelines Range would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.  As set forth below, the conduct in this case is undoubtedly serious; however, the Government is mindful of the significant mitigating factors present in this particular case and is hopeful that, with the appropriate supervision and treatment, the defendant will not re-offend. Indeed, as set forth in the PSR, psychiatrists have evaluated the defendant and determined that he presents "an extremely low risk to re-offend."  PSR at ¶ 67.

As an initial matter, there is no dispute that the defendant's conduct in this case is very serious—the defendant distributed and possessed hundreds of files depicting child pornography, including the sexual assault of minors and an infant.  There is simply no way to downplay the seriousness of such an offense.  By distributing and possessing child pornography, the defendant played a role in the proliferation of incredibly harmful material, the creation and distribution of which has a devastating impact on the child victims who were sexually exploited and abused in those videos and images.

The Government also recognizes that any sentence imposed by the Court must account for the need to promote respect for the law and aim to serve the goals of general and specific deterrence.  In order to achieve those goals, the defendant's conduct must be met with serious consequences.  And while the defendant stated that he did not know his actions were in violation

of a criminal statute at the time he committed them, ignorance of the law is not an excuse, especially in this type of case, where the harm to young children is self-evident.

Despite the seriousness of the offense, the Government respectfully submits that significant mitigating factors present in this case warrant a below-Guidelines sentence. The defendant is 25 years old, has no prior criminal history, and had a childhood marked by bullying from his peers and physical and emotional abuse. *See id*. at ¶¶ 53-54. The PSR describes that the defendant has, throughout his life, received ongoing mental health treatment and counseling. *See* PSR at ¶¶ 60, 65-68.[1] As set forth in the PSR, the defendant's struggles with mental health issues have been significant and no doubt played a part in the commission of the offense conduct. *See id*. at ¶ 67. Here, the Government views the defendant's personal history and mental health struggles as key factors that distinguish him from other similarly situated defendants charged with possession of child pornography. The PSR also reflects that, since earlier this year, the defendant has been compliant with his mental health treatment and has been evaluated by psychiatrists, who determined that he presents a low risk to re-offend. *Id*. Based on the foregoing, the Government respectfully submits that any sentence imposed by the Court should factor in the defendant's need for mental health treatment and supervision. Indeed, it is clear to the Government that the instant case has had a profound impact on the defendant's psychological and emotional well-being—concerns that the Government believes should be addressed through intensive mental health treatment and counseling, as well as regular supervision.

The Government also recognizes that the defendant was not a "hands-on" offender, as reflected in the PSR. *See* PSR at 24. Thus, while the defendant committed a very serious crime, he did not directly cause or attempt to cause harm to a child—a factor that the Government views as significant. Moreover, the defendant accepted responsibility for his conduct from the outset of this case when he was first interviewed by law enforcement during the October 2021 search of his residence, as well as in connection with his guilty plea in May 2022. The defendant's prompt acceptance of responsibility, and the remorse he has expressed in connection with this case, are additional factors that weigh in favor of a below-Guidelines sentence.

Finally, the PSR makes clear that the defendant has a loving family and support system that the Government hopes will keep the defendant on the right track. The defendant has pursued his education, professional training programs, and has held multiple jobs. Moreover, as set forth in the PSR, the defendant will be required to register as a sex offender as a result of his conviction, a consequence that has derailed his hopes to pursue a career in nursing and which the Government also has taken into consideration in recommending a below-Guidelines sentence in this case. *See* PSR at ¶ 78. The Government is hopeful that, with the right guidance, supervision, and treatment, the defendant will learn from this conviction and lead a productive, law-abiding life.

---

[1] The details of the defendant's mental health treatment and struggles are set forth in the PSR. For privacy reasons, the Government has not described those details in this public filing, but respectfully refers the Court to the paragraphs of the PSR cited herein, which the Government has carefully considered in its sentencing recommendation in this case.

Accordingly, the Government respectfully submits that a sentence below the Stipulated Guidelines Range, which has as a component regular mental health evaluations and treatment, as well as intensive supervision, would be sufficient but not greater than necessary to achieve the goals of sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
David J. Robles
Assistant United States Attorney
(212) 637-2550

cc:    Bradley D. Simon (by ECF)