Maj2BelS kjc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

            v.                               21 Cr. 693 (JSR)

YOEL BELITZ,

                 Defendant.

------------------------------x

                                             October 19, 2022
                                             4:05 p.m.


Before:

                    HON. JED S. RAKOFF,

                                       District Judge



                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  DAVID J. ROBLES
     Assistant United States Attorney


SCHLAM STONE & DOLAN, LLP
     Attorney for Defendant
BY:  BRADLEY SIMON

Case 1:21-cr-00693-JSR    Document 47    Filed 11/04/22    Page 2 of 5    2

Maj2BelS kjc

(Case called)

THE DEPUTY CLERK:  Will the parties please identify themselves for the record.

MR. ROBLES:  Good afternoon, your Honor.  David Robles for the government.

THE COURT:  Good afternoon.

MR. SIMON:  Good afternoon.  Bradley Simon, Schlam Stone & Dolan, for Yoel Belitz.  Good afternoon.

THE COURT:  Good afternoon.

We are here for sentencing.  The first thing that the Court has to do is to calculate the guideline range even though, as I have repeatedly stated and will state again, I regard the sentencing guidelines as totally irrational, without any meaningful basis, and the likelihood that they will have any impact on this Court now or at any time in the future approximates zero.  Nevertheless, I am required to calculate the guidelines, and the probation office says that the total offense level is 30, the criminal history category is I, and the guideline range is then 97 to 121 months in prison.  Another example, as applied to this case, of the absurdity of the guidelines.

But, in any event, any disagreement with that calculation by the probation office?

MR. ROBLES:  None from the government, your Honor.

THE COURT:  Any --

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Maj2BelS kjc

MR. SIMON:  No, your Honor.

THE COURT:  So I will adopt that calculation.

Now, I will also adopt the presentence report, but I am concerned with two objections that were raised by the defense, and let me just find it.

I am particularly concerned, and this is the second of the two objections, "Counsel objects to the statement in paragraph 71 which states that the defendant declined to participate in an independent evaluation, as Belitz has already undergone an independent psychosexual evaluation which will be included with his sentencing submission."

And then the probation officer responds, "Although the defendant may have undergone a psychosexual evaluation conducted by his selected mental professional, counsel declined for Belitz to voluntarily undergo an independent psychosexual evaluation, therefore the PSR will remain unchanged."

Is that correct, that you refused to allow an independent, court-selected psychiatrist to evaluate your client?

MR. SIMON:  I wouldn't say I refused, your Honor.  I told -- I indicated that I didn't see the need because we had already --

THE COURT:  Oh, you didn't see the need.  You felt that, in an adversary system, if one side was to make the selection and an independent objective person, namely, the

Maj2BelS kjc

probation officer, was to make a different selection, there was no need for independence?

MR. SIMON:  Well, your Honor, you know, I didn't get any information as to what that independent criteria would be.

THE COURT:  No, you just refused.  Are you still refusing?

MR. SIMON:  No, your Honor.  If your Honor feels the need for it, absolutely I would agree with it.

THE COURT:  I do feel the need and, frankly, I'm very sympathetic.  I came on the bench, and before I saw that, I was tentatively impressed by the arguments for a nonincarceration, and that still may be my sentence, but I don't allow counsel to present me with just their side when the probation office needs to hear from independent evaluators in a case where psychiatry looms huge.

So we will put this sentence over for a month and the government and defense counsel will arrange with the probation officer for a very prompt independent psychosexual evaluation by a court-appointed psychiatrist.  Understood?

MR. SIMON:  Yes.

MR. ROBLES:  Understood, your Honor.

THE COURT:  Very good.  Goodbye.

THE DEPUTY CLERK:  Do you want to put an adjourned date down?

THE COURT:  Yes, let's put an adjourned date.

Maj2BelS kjc

THE DEPUTY CLERK:  Let's see.  How about Tuesday, November 29, at 4:45.

THE COURT:  Does that work for both sides?

MR. SIMON:  What day of the week is that?

THE LAW CLERK:  It's a Tuesday.

THE DEPUTY CLERK:  After Thanksgiving.

MR. SIMON:  Okay.

MR. ROBLES:  And that works for the government, your Honor.

THE COURT:  Very good.

oOo