Bradley Simon
Partner

bsimon@schlamstone.com

**Schlam Stone & Dolan** LLP
26 Broadway, New York, NY 10004
Main: 212 344-5400  Fax: 212 344-7677
schlamstone.com

November 21, 2022

**BY ECF**

The Honorable Jed S. Rakoff
United States District Judge
United States District, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Yoel Belitz Criminal Docket No: 21-cr 693 (JSR)</u>

Dear Judge Rakoff:

On October 19, 2022 Your Honor granted our request to file Mr. Belitz' Sentencing Memorandum under seal. After repeated unsuccessful attempts, the Clerk's office advised us that in order to file a document under seal it has to be linked to a written motion. Accordingly, we respectfully file this letter motion seeking permission to file the sentencing memorandum under seal.

The Sentencing Memorandum is replete with detailed and graphic information pertaining to Mr. Belitz' life including his medical and psychiatric history as well as private detailed information pertaining to his family. Sealing is routinely granted to "cover sensitive medical information of the parties, witnesses and their family members, including diagnoses of diseases and symptoms suffered as a result of said diseases." *Robinson v. De Niro,* 19-CV9156(LJL) (KHP), 2022 U.S. Dist. LEXIS 13387 at *3. (S.D.N.Y. July 26, 2022).

Sealing should also be granted for reports by a defendant's "treating psychotherapist and psychiatrist, describing their diagnose, treatment and medication and involve what is generally considered confidential physician patient information." *United States v. Roeder,* No. 05-Cr-6161IL, 2009 U.S. Dist. LEXIS11395, at *5-6 (W.D. N.Y. Feb. 13, 2009); *see also Mazzocchi v. Windsor Owners Corp.,* 204 f. Supp. 3d 583, 604 (S.D. N.Y. 2016) (noting "the societal stigma associated with mental healthcare.").

In considering the weight to be accorded to an assertion for the right of privacy, a court should consider the "degree to which the subject matter is traditionally considered private rather than public… [F]amily affairs, illnesses, embarrassing conduct with no pubic ramifications, and similar matters will weigh more heavily against access than conduct

Hon. Jed Rakoff
November 21, 2022
Page **2** of **2** Pages

affecting a substantial portion of the public." *United States v. Sattar,* 471 F. Supp. 2d 380, 387 (S.D. N.Y. 2006). Courts have long declined to allow public access simply to cater to a morbid craving for that which is sensational or impure. *Id.* at 387.

    For the reasons set forth above, it is respectfully requested that defendant Yoel Belitz be permitted to filed his Sentencing Memorandum under seal.

Respectfully Submitted,

*/s/ Bradley D. Simon*
Bradley Simon

*Approved, but a redacted version may eventually have to be filed.*

SO ORDERED
*/s/ Jed Rakoff*
USDJ
11-25-22