MBT5belS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

            v.                               21 CR 693 (JSR)

YOEL BELITZ,

                Defendant.

------------------------------x

                                             November 29, 2022
                                             4:10 p.m.


Before:

                    HON. JED S. RAKOFF,

                                        U.S. District Judge


                         APPEARANCES

DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York
BY:  DAVID ROBLES
        Assistant United States Attorney

SCHLAM STONE & DOLAN, LLP
        Attorneys for Defendant
BY:  BRADLEY SIMON

MBT5belS

(Case called)

MR. ROBLES:  Good afternoon, your Honor.  David Robles for the government.

THE COURT:  Good afternoon.

MR. SIMON:  Good afternoon, your Honor.  Bradley Simon for defendant Yoel Belitz.

THE COURT:  Good afternoon.

We are here for sentence and the first piece of business is to calculate the guideline range.  The probation office says that the total offense level is 30, the Criminal History Category is I, and that the guideline range is therefore 97 to 121 months' in prison.

Any disagreement as to that calculation?

MR. ROBLES:  No, your Honor.

MR. SIMON:  The calculation is correct.

THE COURT:  The answer to my question is yes?

MR. SIMON:  Yes.

THE COURT:  So, I will adopt that calculation and I will also adopt the presentence report.  There were a couple of objections to the presentence report which the presentence officer correctly overruled and I affirm that and adopt the report in its entirety.

Now, what this demonstrates is what I see every day which is that the guidelines are wholly irrational.  They are cruel, they make no distinction between vast quantities of

MBT5belS

persons, they take almost no cognizance of the individual characteristics of persons, and where they do they just randomly assign numbers that who knows where they're getting the two or three or four points that they assign. And in this case in particular, the guidelines make no distinction or little or no distinction between someone who, for example, produces child pornography, who certainly deserves to go to jail for a huge amount of time, and someone like this defendant who was essentially a consumer who never, as all agree, either produced any child pornography or had any improper contact with a child.

So, as far as I'm concerned, the guidelines not only should be disregarded in this case, they should be shunned as irrational on their face. Now, that doesn't mean, however, that prison time isn't appropriate. The probation office recommends six months. That's, I think, the most this Court would impose. The defense counsel argues for no time, time-served, and I think there are important arguments in that regard. The government, in its usual waffling state, says it shouldn't be a guideline sentence but otherwise doesn't take a specific position or, if it did, I didn't see it.

So, let's start, because I don't want to have counsel for either side waste their time and mine repeating what is already in the excellent submissions that they produced. I think it is agreed that the defendant had a difficult

MBT5belS

upbringing, that to the point where as I understand it his mother finally forced his father, now deceased, to seek treatment for the father.  He had various social disabilities and physical disabilities notwithstanding that he had and has a history of both employment and voluntary positive involvement. He has no prior criminal history.  And, important to the Court, was that both the psychological study undertaken by the defense and the one that at THE Court's insistence was then undertaken by an independent psychiatrist, both conclude that his risk of recidivism is very low.  Further still, there are a variety of, in effect, punishments that he will undergo as required by law that will, in effect, affect the entire rest of his life because I am required to impose all sorts of conditions ranging from what contact he can have, what things he can view, what assessments he must undergo and so forth, some of which will last for the length of his supervised release and that, in turn, is mandatory and some of which will affect his life for years to come.  So, that's a kind of punishment in itself.

So, I am leaning towards not imposing a custodial term but let me hear first from the government, if the government is in disagreement with that.

MR. ROBLES:  Your Honor, we defer to the Court completely.  As the Court mentioned earlier, typically WE will not take a specific position.  I will note that there are significant mitigating circumstances here that we outlined in

our submission that the Court previewed here today that I think would make a non-incarceratory sentence reasonable.

THE COURT:  All right.  Now, defense counsel, you can speak at length and thus talk me out of it but perhaps you just want to agree that that's a good resolution.

MR. SIMON:  Yes, your Honor.  I think your advice to me is very wise and in the risk of saying something that might deter you, I will remain silent.

THE COURT:  I am obliged to ask the defendant if he wants to say anything, anything he wants.

THE DEFENDANT:  Yes, your Honor.

THE COURT:  OK.  Go ahead.  You can be seated but speak directly into the microphone so the reporter can hear you.

THE DEFENDANT:  Your Honor, I stand before you and accept full responsibility for my actions.  I deeply regret the shame that I have brought upon myself and my family.

Back in 2020 I did not fully understand the consequences of what I was doing, the ramifications of viewing child pornography, but now I now completely understand that what I did was wrong and am working towards understanding why it was wrong and I respectfully ask your Honor to render whatever mercy your Honor sees fit to bestow upon me.  I assure you that I will never ever transgress again.

Thank you.

MBT5belS

THE COURT:  So, the sentence of the Court is that the defendant is sentenced to time-served, essentially no custody, no custodial term.  He is sentenced to five years of supervised release on terms I will get to in a moment.  There will be imposed a fine of $5,000, and there is also a special assessment of $100.

Is the government seeking restitution?

MR. ROBLES:  We are not, your Honor.

THE COURT:  And there is something labeled a JVTA assessment which I think I am also required to impose of a minimum of $5,000; is that right?

MR. ROBLES:  That's right, your Honor, pursuant to 18 U.S.C. 3014A.

THE COURT:  Right.  It comes tripping off your tongue, but yes.

So, the terms of supervised release are first the mandatory conditions.  The defendant will not commit any other state, local, or federal crime; second, that he must not unlawfully possess a controlled substance; third, that he must cooperate in the collection of DNA; fourth, that he must comply with the requirements of the Sex Offender Registration and Notification Act as directed by the probation officer or by any state sex offender registration agency in a state in which he resides, works, is a student, or was convicted of a qualifying offense.  Another mandatory condition is suspended based on the

MBT5belS

Court's determination that he poses low risk of future substance abuse.

There will also be imposed the standard conditions of supervised release one through 12, they will appear on the judgment but also will be gone over with the defendant by the probation officer when he reports to begin his period of supervised release which he must do within the next 72 hours.

Finally, there are the special conditions:

First, that he will undergo a sex offense specific evaluation and participate in an outpatient sex offender treatment or mental health treatment program as approved by the U.S. Probation office on the standard terms and conditions; second, that he will not have contact with any of the victims in this case or encourage anyone else to have contact with any such victims; third, that he must not have purposeful contact with any child under 18 unless improved in advance by the probation office.  This includes not loitering within a hundred feet or places regularly frequently children under the age of 18 such as schoolyards, play grounds and arcades.

Next, he is restricted from viewing, accessing, possessing, and/or downloading any sexually explicit material involving minors.

Next, he is restricted from access to any websites, chat rooms, instant messaging or social networking sites where his conviction of his crime would render such acts as in

MBT5belS

violation of terms of those websites and so forth.

Finally, he will permit the probation office to install any application or software that allows it to survey and/or monitor all activity on any computers, automated services, or connective devices that he will use during the term of his supervision.  I am also going to recommend that he be supervised in the district of his residence.

Now, before I advise the defendant of his right of appeal, is there anything else that either counsel needs to raise with the Court?

Anything from the government?

MR. ROBLES:  No, your Honor.  Thank you.

THE COURT:  From the defense?

MR. SIMON:  No, your Honor.

THE COURT:  So, let me advise you, Mr. Belitz, that you have a right to appeal this sentence.

Do you understand that?

THE DEFENDANT:  I do, your Honor.

THE COURT:  And if you can't afford counsel for any such appeal, the Court will provide one for you free of charge.

Do you understand that?

THE DEFENDANT:  I do, your Honor.

THE COURT:  Very good.  Thanks a lot.

MR. ROBLES:  Your Honor, one thing.  I apologize.  The government just moves to dismiss the open counts in the

MBT5belS

information.

          THE COURT:  Well, it is a close call, but OK.

                              o0o